UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

MARY JOHNSON and BENITA JOHNSON,

      Plaintiffs,

    -v-                      No. 05 Civ. 5529 (LTS)(KNF)

CHARLES C. SCALA, GREENPOINT
MORTGAGE FUNDING, INC.; MERS AND
ITS SUCCESSORS AND/OR ASSIGNS;
CASA MORTGAGE FUNDING INC;
ROBERT J. KACZENSKI; LAW FIRM OF
CULLEN AND DYKMAN; PERGOLIZZI
& ASSOCIATES, LLP; STEPHEN
PERGOLIZZI,

      Defendants.

----------------------------------x

JUDGE DONALD C. POGUE, UNITED STATES DISTRICT JUDGE[1]

<u>MEMORANDUM OPINION AND ORDER</u>

      Pro se Plaintiffs Mary and Benita Johnson have filed this suit against the numerous defendants alleging several claims under the Truth in Lending Act, 15 U.S.C. § 1601[2], et seq., the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1639, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et. seq.. Plaintiffs claim that the Defendants' failure to disclose that there was an outstanding tax lien on certain property, at the time when Mary Johnson purchased the property, led to violations of the above-mentioned statutes. Additionally, Plaintiffs claim that the sum of

_____

[1]Judge Donald C. Pogue of the United States Court of International Trade, sitting by designation.

[2]All references to the United States Code ("U.S.C.") are to the 2000 edition.

the mortgage they obtained and the down payment they provided to Charles C. Scala (the seller of the property that they purchased) exceeded the purchase price to which they agreed with Mr. Scala, also leading to a violation of the above-mentioned statutes.

Named as Defendants are Charles C. Scala, the seller; GreenPoint Mortgage Funding Inc., the mortgage provider and its nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"); Casa Mortgage Funding Inc., the mortgage lender, and Robert J. Kaczenski, Casa Mortgage Funding Inc.'s agent; the Law Firm of Cullen & Dykman, LLP, closing agent for GreenPoint Mortgage Funding; Pergolizzi & Associates, LLP; and Stephen Pergolizzi. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

Before the Court is a motion for judgment on the pleadings by Defendants Greenpoint Mortgage Funding and MERS, pursuant to Federal Rule of Civil Procedure 12(c), asking the court to dismiss all claims with respect to GreenPoint. Also before the court is a motion to dismiss brought by Defendant Cullen and Dykman, LLP, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that the Plaintiffs have failed to state, against Cullen and Dykman, a claim upon which relief can be granted, and that Plaintiffs' claims are also barred by the statute of limitations. Plaintiffs, in response, have cross-moved for partial summary judgment, with respect to their claim under the Truth in Lending Act, pursuant to Federal Rule of Civil

2

Procedure 56(a).[3]

The Court has reviewed carefully the pleadings and all of the parties' arguments and submissions. For the following reasons, the Defendants' motions are granted. Plaintiffs' cross-motion for summary judgment is denied.

BACKGROUND

The following material facts are undisputed, except to the extent specifically characterized below as allegations or assertions. On July 24, 2003, Plaintiff Mary Johnson purchased certain real property located at 1041 East 226th Street, Bronx, New York 10466 (the "Property") from Charles Scala, financed by $246,050.00 from GreenPoint, an amount secured by a purchase money mortgage on the Property. At the time of closing, a deed conveying the Property from Scala to Mary Johnson was delivered to Mrs. Johnson. According to the Plaintiffs' complaint, and Defendant Scala's answer, Plaintiffs made a down payment to Scala in the amount of $26,900.00 towards a purchase price of $259,000.00.

Plaintiffs allege that they overpaid the seller in the amount of $13,950.00 and did not receive accurate disclosures regarding the mortgage amount of $246,050.00.[4] Plaintiffs also allege

_____

[3]Mr. Scala did not appear at oral argument of the pending motions.

[4]According to the HUD-1 settlement statement produced at closing, the purchase price of the house was $259,000.00, the earnest money was $12,950.00 and the mortgage amount was

that after the closing, they discovered that the Property was in such disrepair, with respect to plumbing and roofing problems, that they were unable to inhabit the property and were forced to devote their resources to repairs and renovations. As a result, Plaintiffs claim, they requested an adjustment to their loan repayment schedule. When GreenPoint did not agree to modify the mortgage payments, Plaintiffs ceased to service the mortgage payments, and GreenPoint initiated a foreclosure action. On July 15, 2005, a Judgment of Foreclosure and Sale was signed by the Hon. Betty Owen Stinson of the Bronx County Supreme Court. The Judgment of Foreclosure and Sale was entered in the Office of the County Clerk of Bronx County on July 26, 2005.

## DISCUSSION

"In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting all the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the non-moving party." Burnette v. Carothers, 192 F. 3d 52, 56 (2d Cir. 1999)(citation omitted).

At the same time, because the Plaintiffs have filed a motion for partial summary judgment, the Court will evaluate each motion on its own merits. See Hotel Employees & Rest. Employees Union, Local 100

---

$246,050.00. There were, however, also $18,147.56 in settlement costs. Thus, Ms. Johnson's total payments exceeded the $26,900 "down" payment alleged in the complaint. While the parties may use different words to describe the various payments, these are only semantic differences, as there appears to be no dispute about the amounts themselves.

v. City of New York Dep't of Parks & Recreation, 311 F. 3d 534, 543 (2d Cir. 2002)(when parties have filed cross-motions for summary judgment, the court "must evaluate each party's  motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."(citation omitted)).

Summary judgment shall be granted in favor of a moving party where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In the summary judgment context, a fact is material "if it 'might affect the outcome of the suit under the governing law,'" and "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Second Circuit has explained that the "party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'"  Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted)).  "[M]ere conclusory allegations, speculation or conjecture"

will not provide a sufficient basis for a non-moving party to resist summary judgment.   <u>Cifarelli v. Vill. of Babylon</u>, 93 F.3d 47, 51 (2d Cir. 1996).


<u>Truth in Lending Act Claim</u>

Plaintiffs claim that the Defendants violated the Truth in Lending Act ("TILA") by not providing Plaintiffs with full disclosure with respect to a tax lien on the Property.   Plaintiffs claim that the tax lien affected Charles Scala's legal title, that he was unable to convey the Property, and that had GreenPoint Mortgage known of the tax lien, they would not have approved the mortgage.[5] Additionally, Plaintiffs claim that because they were provided with erroneous information as to the finance amount, this was a violation of the Truth in Lending Act.[6]   Plaintiffs have moved for summary judgment on their Truth in Lending Act claim.

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to

---

[5]Plaintiffs also assert in their brief that these actions constitute fraud, presumably on the part of Mr. Scala. However, Plaintiffs did not plead fraud in their complaint, and to the extent that they reference fraud in their briefing, it is within the context of the Truth in Lending Act, and not as a separate cause of action.

[6]As noted above, Plaintiffs were provided with a loan of $246,050.00, in addition to Plaintiffs' alleged down payment of $26,900.00, which together than would total $272,950.00, whereas the agreed upon purchase price was $259,000.00.   The difference, however, was explained by the amount of the the settlement costs disclosed on the HUD-1 settlement statement.

compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The provisions of TILA are applicable to creditors.

The creditors here, Greenpoint and MERS, did what they were supposed to do. Though Plaintiffs point to the uncontroverted fact that there was a tax lien on the property at the time they purchased the property, this fact is irrelevant to a TILA claim. TILA requires the disclosure of the amount financed, finance charges, annual percentage rate and total payments. 15 U.S.C. § 1638(a). Plaintiffs have not alleged, nor can they, that they were not provided with this information at closing. Additionally, the tax lien on the Property did not affect the sale of the Property, as Plaintiff Mary Johnson did receive a deed of the Property, dated July 24, 2003. Therefore, as a matter of law, Plaintiffs are not entitled to summary judgment on their TILA claim.

Defendants GreenPoint and MERS move for judgment on the pleading regarding Plaintiffs' TILA claim, and Defendant Cullen and Dykman moves to dismiss the claim for failure to state a claim upon which relief can be granted. As addressed above, the Truth in Lending Act addresses obligations of creditors; therefore, Cullen and Dykman's motion to dismiss must be granted, with respect to all non-creditor Defendants.

Additionally, TILA has a one year statute of

limitations.  15 U.S.C. § 1640(e).  This action was brought on June 15, 2005, nearly 2 years after the sale of the Property and the funding of the loan, which occurred on July 24, 2003.  Case law supports the notion that the statute of limitations for TILA claims does not start running upon the discovery of the non-disclosure, but, rather, upon the funding of the loan.  <u>Cardiello v. Money Store, Inc.</u>, 2001 U.S. Dist. LEXIS 7107 (S.D.N.Y. 2001) <u>aff'd</u>, 2002 U.S. App. Lexis 4254 (2nd Cir. 2002);  <u>Smith v. RBC Mortg.</u>, 2006 U.S. Dist. LEXIS 10282 (S.D.N.Y. 2006).  The courts have recognized, however, that the statute of limitations can be tolled in instances of fraudulent concealment.

The federal doctrine of fraudulent concealment tolls the statute of limitations "where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part.'" <u>Cardiello v. Money Store</u>, 2001 U.S. Dist. LEXIS 7107 at *14. (quoting <u>Holmberg v. Armbrecht</u>, 327 U.S. 392, 397 (1946)).

> "The Second Circuit finds equitable tolling on the basis of fraudulent concealment if the plaintiff shows '(1) that the defendant concealed from him the existence of his cause of action, (2) that he remained in ignorance of that cause of action until some point within [the applicable statutory period] of the commencement of his action, and (3) that his continuing ignorance was not attributable to lack of diligence on his part."

<u>Cardiello v. Money Store</u>, 2001 U.S. Dist. LEXIS at *14-*15 (internal quotation omitted).  "In cases involving TILA, 'the courts have held uniformly that fraudulent conduct beyond the nondisclosure itself is

necessary to equitably toll the running of the statute of limitations." Id. at *15-*16 (internal quotation omitted).

Even drawing all inferences in favor of the Plaintiffs, Plaintiffs have not averred any fraud or fraudulent concealment on the part of GreenPoint or MERS in their complaint. At most, Plaintiffs claim that Mr. Scala incorrectly labeled the down payment amount in communicating to GreenPoint and other parties. However, Plaintiffs were unable at oral argument to identify any false factual statement upon which they relied. Moreover, Plaintiffs make no claim that GreenPoint and MERS were attempting to conceal from them the "existence of a cause of action." Accordingly, the statute of limitations in this action is not tolled, and Plaintiffs' claim must be dismissed as to all Defendants.

Home Ownership and Equity Protection Act Claim

Plaintiffs claim that because they were not provided with the correct finance amount of $232,100.00 based upon Plaintiffs' down payment of $26,900.00 and an agreed upon purchase price of $259,000.00, the Annual Percentage Rate ("APR") could not be properly compared to the APR on other loan programs.[7] GreenPoint Mortgage and MERS move to dismiss this claim under Fed. R. Civ. P. 12(c). Defendant Cullen and Dykman moves to dismiss the claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

_____

[7]At oral argument, Plaintiffs conceded that they were informed of the mortgage amount of $246,050.00.

9

12(b)(6).

The Court grants both these motions, and dismisses the Home Ownership Equity Protection Act ("HOEPA") claim with respect to all Defendants.   HOEPA, 15 U.S.C. §§ 1602(aa), 1639, is part of TILA, and as such, is barred by the same statute of limitations discussed above with respect to Plaintiffs' TILA claim.   Secondly, a HOEPA loan is defined under 15 U.S.C. § 1602(aa) as a mortgage that is a "consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction or a reverse mortgage transaction. . . ." 15 U.S.C. § 1602(aa).   The goal of the statute is to prevent predatory lending practices with respect to second or subordinate financing of residential property. See, e.g., Lopez v. Delta Funding Corp., 1998 U.S. Dist. LEXIS 23318 at *20 (E.D.N.Y. 1998).   In this case, as alleged in the complaint, the loan is clearly a purchase money mortgage loan and not a second loan or a refinancing.   Based on the allegations of the pleading, the loan extended by GreenPoint to Mary Johnson is not a loan covered by the terms of HOEPA.   Therefore, all claims for relief under HOEPA must be dismissed with respect to all Defendants.


Real Estate Settlement Procedures Act

Plaintiffs allege that:

[b]ecause Plaintiff had secured interest and equity in said real property by virtue of Plaintiff's down payment of $26,900.00 made to and acknowledge [sic] by Charles C. Scala by letter dated February 8, 2003, and given the fact that Charles C. Scala, the seller failed to disclose the

> down payment to the lender, prevented the lender from
> collecting or holding said down payment as escrow funds in
> an amount sufficient to permit the lender to apply an [sic]
> escrow funds at the time specified under the Real Estate
> Settlement Procedure Act (RESPA). Thus, Charles C. Scala's
> said actions, violates [sic] RESPA.

Pls.' Compl. § 61.   Defendants GreenPoint and MERS move to dismiss

this cause of action against them under Fed. R. Civ. P. 12(c); and

Defendant Cullen & Dykman move to dismiss this claim against them

under Fed. R. Civ. P. 12(b)(6).

Plaintiffs' cause of action under RESPA is alleged

only against Charles C. Scala, and as such must be dismissed as to

the remaining Defendants.   Additionally, no cause of action can be

sustained against the Defendants here under RESPA.   12 U.S.C. § 2601

et seq.   There are only three private causes of action that can be

raised under RESPA.   12 U.S.C. § 2614.   These actions arise under

sections 2605, 2607 and 2608.   For violations of sections 2607 and

2608,[8] there is a one year statute of limitations that has been

exceeded in this case.

The remaining private cause of action available under

RESPA is 12 U.S.C.   § 2605, the section that governs the servicing

of mortgage loans and the administration of escrow accounts.

Though this cause of action has a three year statute of limitations,

---

[8]Section 2607 of Title 12 concerns the prohibition against
kickbacks and unearned fees.   12 U.S.C. § 2607.   Section 2608 of
Title 12 concerns the liability of the seller with respect to
requiring title insurance to be purchased from any particular
title insurance company.   12 U.S.C. § 2608.   Regardless of the one
year statute of limitations on these actions, Plaintiffs have not
alleged facts sufficient to sustain a cause of action under 12
U.S.C. § 2607 or § 2608.

this RESPA claim also cannot be sustained under the facts pled by the Plaintiffs here.   Specifically, Plaintiffs have not pled any facts with respect to the servicing of the mortgage or the administration of the escrow account.   Plaintiffs only mention the escrow account with regard to Charles Scala providing an incorrect down payment amount.   This is, however, not enough to maintain an action under 12 U.S.C. § 2605 because it does not relate to the servicing of the loan or of any escrow accounts.   For this reason, this cause of action must be dismissed with respect to all Defendants.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion is denied, and Defendants Greenpoint, MERS and Cullen & Dykman's motions are granted.  The action is dismissed.[9]

SO ORDERED.

_____
DONALD C. POGUE
United States Judge

Dated: October 1, 2007
       New York, New York

_____

[9]Pursuant to 28 U.S.C. § 1367(c)(3) the court, having dismissed all federal claims, will not exercise supplemental jurisdiction over Mr. Scala's alleged counterclaim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

MARY JOHNSON and BENITA JOHNSON

      Plaintiffs,

    -v-                      No.  05 Civ. 5529
(LTS)(KNF)

CHARLES C. SCALA, GREENPOINT
MORTGAGE FUNDING, INC.; MERS AND
ITS SUCCESSORS AND/OR ASSIGNS;
CASA MORTGAGE FUNDING INC;
ROBERT J. KACZENSKI; LAW FIRM OF
CULLEN AND DYKMAN; PERGOLIZZI
& ASSOCIATES, LLP; STEPHEN
PERGOLIZZI

      Defendants.

----------------------------------x

JUDGE DONALD C. POGUE, UNITED STATES DISTRICT JUDGE[1]

### JUDGMENT

     This action having been duly submitted for decision, and
this court, after due deliberation having rendered a decision
herein; now, in conformity with that decision, it is hereby

     ORDERED that Plaintiffs' action is dismissed.

                          _____
                          DONALD C. POGUE
                          United States Judge

Dated: October 1, 2007
      New York, New York

--------------------------------

    [1]Judge Donald C. Pogue of the United States Court of
International Trade, sitting by designation.